### Application of SOUTHERN TRUCK LINES.

Railroad & Public Utilities Commission.

January 14, 1953.

Martin Sack, Jacksonville, for applicant.

Dan R. Schwartz, Kitchen & Schwartz, Jacksonville, for Redwing Carriers, Inc., protestant.

BY THE COMMISSION.

The commission by its duly designated examiner, George L. Patten, held a public hearing on this application in the May-flower Hotel, Jacksonville, on August 27, 1952. After the hearing the examiner submitted to the commission a proposed order, copies of which were transmitted by the commission to all parties of record, together with a notice that exceptions to the proposed order could be filed with the commission within 15 days from the date thereof.

Within that period the protestant filed an exception to the proposed order only in so far as it would grant as points of origin all points within 100 miles of DeLand, and also within that period the applicant filed a reply to the protestant's exception. The reply was returned to the applicant because the rules of the commission specifically do not permit replies or answers to exceptions.

After the expiration of the 15 day period and too late for consideration, the applicant filed a memorandum in support of the proposed order. The commission has now considered said exception, the examiner's proposed order, and the record herein, and in consequence thereof enters its order.

By this proceeding, John Marshall and E. E. McNeal, d/b/a/ Southern Truck Lines, seek a certificate of public convenience

and necessity to operate an auto transportation company as a private contract carrier of fresh, natural citrus and fruit juices in bulk in tank trucks or in 5 or 10 gallon containers with empty containers on return, from DeLand and points within 100 miles thereof to all points in Florida, under contract with Institutum Divi Thomae Foundation.

Before the hearing but after the issuance of notice therefor, the applicant filed an amendment to the application, dated August 13, 1952, which amends the commodity description contained in the original application to read as follows:

Fresh natural citrus and fruit juices, in bulk, in tank trucks, and in 5 or 10 gallon cans, or in bottles, cartons or other containers.

Timely objection was made to the amendment being allowed without giving the required statutory notice. The examiner allowed the amendment, but it is our opinion that his ruling was in error and we are therefore basing our consideration on the application as originally filed and described in the notice of hearing issued on August 8, 1952.

The applicant is presently engaged in transporting cream and condensed milk for the Borden Company out of Tennessee and North Carolina and is authorized by this commission under certificate no. 279 to transport milk, cream and dairy products in intrastate carriage.

On February 22, 1952 the applicant and the Foundation entered into a contract covering the proposed carriage. The contract in substance provides that applicant shall transport by motor vehicle in 5 or 10 gallon cans or containers in refrigerated Thermo-King trailers or equivalent, or in bulk or tank trucks, from the production plant to all points in the United States. The Foundation is to deliver for transportation not less than 25,000 gallons of juice per year.

The applicant has obtained appropriate authority from the Interstate Commerce Commission for its interstate carriage under the contract. On March 26, 1952 we granted applicant temporary operating authority to transport fresh natural citrus and fruit juices in bulk in tank trucks or in 5 or 10 gallon cans or containers, with empty containers on return, from DeLand and points within 100 miles thereof, to all points in Florida under contract with the Foundation, and applicant has been operating under said authority.

The general manager of the Foundation testified that the service proposed by applicant and now being rendered by it

under temporary authority is necessary for the proper distribution of its products. Prior to the granting of temporary authority the Foundation transported its products in its own equipment. If this application is granted it will discontinue the use of its vehicles. This witness represents to the commission that the regular motor common carriers do not have the facilities to take care of its shipping needs. It is pertinent to note at this point that none of the regular route motor common carriers in Florida appeared as protestants at the hearing.

Redwing Carriers, Inc. appeared in protest to the granting of the application. This carrier's principal place of business is at Tampa, with terminals maintained at Jacksonville and Fort Lauderdale. Its operating authority is contained in certificate no. L-18 and in addition to the petroleum products which it transports, it has handled acids, caustic, soap, tall oil, molasses, citrus and black strap. It holds itself out as a carrier for the transportation of all types of liquids that are available for transportation. This protestant is not authorized to transport commodities in cans or containers. A witness for this company testified that it is now in a position to put on suitable equipment to take care of the transportation needs of the Foundation.

The only evidence submitted in support of so great an origin area as points within 100 miles of DeLand was the mere statement by one of the Foundation officials that they plan to license the Foundation process to other producers in the citrus area and that the Foundation will undertake to market and transport the production of such licensees. There is no evidence of a clear cut plan to license other producers, nor evidence that other producers are actually in prospect.

After due and careful consideration of the evidence adduced at the hearing, the commission finds: (1) that public convenience and necessity require the granting of the application with the origin area limited to Volusia County, (2) that the granting of the application so limited will not adversely affect the existing motor carriers operating under the jurisdiction of this commission, and (3) that the applicant is qualified, financially and otherwise, to conduct the proposed operation limited as aforesaid.

It is therefore ordered that certificate of public convenience and necessity no. 279 heretofore issued to John Marshall and E. E. McNeal, d/b/a Southern Truck Lines, be and it is hereby extended to include the transportation by motor vehicle as a contract carrier of fresh natural citrus and fruit juices in bulk

in tank trucks or in 5 or 10 gallon cans or containers, with empty containers on return, from Volusia County to all points in Florida under contract with Institutum Divi Thomae Foundation.

It is further ordered that the above authority shall expire at the end of 5 years from the date of this order, as stated in said contract, at which time the parties thereto may notify the commission of the continuance of the contract and the commission will renew such certificate extension.

It is further ordered that the applicant file with this commission evidence of compliance with its rules governing insurance.